■ In the Matter of CARLOS FERNANDEZ et al., Appellants. [686 NYS2d 314] —In a proceeding pursuant to Domestic Relations Law § 115-d, Carlos and Miryam Fernandez appeal from an order of the Family Court, Queens County (Berman, J.), dated December 2, 1997, which denied their petition for certification as qualified adoptive parents.

Ordered that the order is modified by deleting the provision thereof which directed the petitioners to complete the adoption in accordance with the laws of Puerto Rico and substituting therefor a provision directing the petitioners to file a petition for temporary guardianship pursuant to Domestic Relations Law § 115-c; as so modified, the order is affirmed, without costs or disbursements.

The subject child was placed in the petitioners' custody by a Puerto Rican adoption agency a few days after his birth. Since physical custody of the child was already transferred to the petitioners, the Family Court properly denied their petition pursuant to Domestic Relations Law § 115-d for pre-certification as qualified adoptive parents. However, we have deleted the provision of the order which directed the petitioners to complete the adoption under the laws of Puerto Rico.

The Family Court has jurisdiction over adoption proceedings where the prospective adoptive parents and the child reside within the State of New York (*see*, NY Const, art VI, § 13 [b]; Domestic Relations Law § 115 [2]; § 113 [3]). Since the record is inadequate to determine whether the petitioners can comply with the statutory criteria for an adoption in New York, it was premature to preclude the petitioners from filing a petition for adoption pursuant to the Domestic Relations Law. In view of the fact that the child is in the petitioners' custody, they are directed to file a temporary guardianship petition pursuant to Domestic Relations Law § 115-c. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.